# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 3, 2010

140382

CHRISTINE HELMS,
      Plaintiff-Appellee,

v

ROBERT J. LEMIEUX, Individually and as
Successor Trustee of the Francis J. Lemieux and
Ruth Lemieux Revocable Living Trust dated
July 16, 1999,
      Defendant-Appellant,

v

STANDARD LIFE INSURANCE COMPANY
OF INDIANA,
      Defendant-Appellee.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 140382
COA: 286397
Genesee CC: 07-085849-CZ

      On order of the Court, the application for leave to appeal the December 8, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. The Court of Appeals erred by finding that there was a conflict between the annuity application and the annuity policy with regard to the annuitant status of the two signing applicants. Reading the contract as a whole, the interpretation that harmonizes all of the relevant language is that the two applicants were "joint annuitants," as the Genesee Circuit Court correctly found. The application indicated that Ruth LeMieux was an "annuitant" jointly with another person, and the policy declaration identified that "joint annuitant" as Francis LeMieux. However, the Circuit Court erred in concluding that the death of one joint annuitant extinguished the rights of the remaining annuitant under the policy, where no provision in the policy justifies that conclusion, and the policy states that "after the Annuitant's death, any payments due will be paid to the Beneficiary," which in the case of two annuitants should be viewed as operative after the death of the last annuitant. As such, Francis LeMieux retained his annuitant rights under the policy after Ruth LeMieux died. We REMAND this case to the Genesee Circuit Court for further proceedings not inconsistent with this order.



      I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 3, 2010

Clerk

0526